[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' STRIKING COUNTS FOR PUNITIVE DAMAGES FOR ALLEGED MISUSE OF MORTGAGE ESCROW
On June 19, 2000 plaintiffs Christopher and Jessica Lombardi brought a six count complaint against the defendant Homeside Lending, Inc., alleging the facts hereinafter articulated.[1] The defendant holds the mortgage on property owned by the plaintiffs known as 15 Highland Drive in North Haven, Connecticut. Part of the plaintiffs' monthly mortgage payment is municipal property taxes which the defendant holds in escrow and pays as the taxes become due. In January, 2000, the defendant paid the plaintiffs' municipal property taxes to the city of New Haven, rather than to North Haven. On May 15, 2000, the plaintiffs received a real CT Page 5500 property tax lien notice from North Haven, prompting the plaintiffs to contact the defendant, whose agent promised to correct the error. On May 26, 2000, the plaintiffs were informed by one of the defendant's agents that funds in the escrow account for July, 2000 taxes had been used to pay the delinquent taxes in North Haven.
The plaintiffs' complaint sounds in breach of contract (count one); negligence (count two); intentional breach of duty (count three); conversion (count four); intentional infliction of emotional distress (count five) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b (count six). On December 16, 2000, the defendant filed its motion to strike on the grounds that the plaintiffs fail to state legally cognizable claims in counts three, four, five and six, and that the plaintiffs fail to properly claim the damages stated in paragraphs two, three and four of their prayer for relief. The motion is supported by a memorandum of law. The plaintiffs have filed a partial objection to the motion.[2] "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In deciding the motion to strike the court construes the facts alleged in the plaintiff's complaint in the manner most favorable to sustaining its legal sufficiency.
In support of its motion to strike, the defendant argues that the plaintiffs failed to allege facts in count three upon which the plaintiffs could prove that the defendant acted willfully, maliciously or recklessly. "Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . If this element is present, an actual intention to do harm to the plaintiffs is not necessary." (Citations omitted; internal quotation marks omitted.) WestHaven v. Hartford Ins. Co., 221 Conn. 149, 160-61, 602 A.2d 988 (1992). "[In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 415,715 A.2d 27 (1998). "`It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . .' W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214." Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
The court finds that the plaintiffs have not alleged facts in count CT Page 5501 three sufficiently to sustain their claim of intentional misconduct. The plaintiffs allege that they informed the defendant's agent on May 15, 2000 of the notice of real property lien that they received from North Haven. (Complaint, count three, ¶ 16.) On May 16, the plaintiffs spoke to another of the defendant's agents, informing him that the escrow money had not been paid to North Haven and this person responded that he would research the matter and get back to the plaintiffs. (Complaint, count three, ¶¶ 17 18.) Later in the day of May 16, 2000, the defendant's agent contacted the plaintiffs, informed them that he was aware that an error had been made and that he would correct the error by immediately paying the delinquent tax bill and any interest incurred thereon. (Complaint, count three, ¶ 19.) When the plaintiffs contacted the defendant on May 26, 2000, and spoke with another agent of the defendant, the plaintiffs were told that the defendant paid the January, 2000 taxes using July, 2000 tax money escrowed with the defendant. (Complaint, count three, ¶ 21.)
Based on these facts, the plaintiffs further allege that the defendant's negligent breach of its duties to the plaintiffs to pay their local taxes turned willful, malicious and reckless when the defendant wrongfully invaded the escrow account to correct the defendant's initial mistake. (Complaint, count three, ¶ 22.) These facts amount to mere allegations that the defendant made a mistake, took steps to correct its mistake and that the plaintiffs disagree with the approach taken by the defendant to correct its mistake. Furthermore, the facts alleged by the plaintiffs fail to make it clear that the defendant's actions rise to a level above a mere mistake resulting from inexperience or confusion, or that the actions were more than mere thoughtlessness, inadvertence or simple inattention. Dubay v. Irish, supra, 207 Conn. 533.
The defendant also moves to strike the second paragraph of the prayer for relief, wherein the plaintiff's claim "[p]unitive damages pursuant to the law and pursuant to Connecticut General Statutes § 42-110g
(a)."[3] "Practice Book . . . § 10-39 . . . allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). The Supreme Court has ruled that ". . . in order to award punitive damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." WestHaven v. Hartford Ins. Co., supra, 221 Conn. 160. Since this court finds that count three does not assert facts that ascend to willful, malicious and reckless conduct, that count does not support the punitive damages claim set out in paragraph two of the prayer for relief.
The court now shall address count four, in which the plaintiffs allege CT Page 5502 that the defendant converted the plaintiffs' property. "Conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights."Zanoni v. Hudon, 48 Conn. App. 32, 38, 708 A.2d 222, cert. denied,244 Conn. 928, 711 A.2d 730 (1998). In count four, the plaintiffs allege that they are "obligated to make monthly payments to the defendant," a portion of which "represents plaintiffs' prepaid municipal property tax payment to the defendant as the plaintiffs' escrow agent." (Complaint, count one, ¶ 6, incorporated by reference into count two, incorporated by reference into count three, incorporated by reference into count four.) Whatever else the plaintiffs allege in counts one through four, in this paragraph they allege that they authorized the defendant (t rough the obligation of their loan) to take possession of their property and act as their escrow agent. This authorization is inconsistent with the plaintiffs' claim for conversion.
As to count six, the defendant argues that the plaintiffs fail to allege facts to prove that the defendant committed an unfair or deceptive trade practice, as those terms are defined in General Statutes §42-110b. That statute provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "Trade or commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
Regarding this issue, the Supreme Court has ruled that in "`determining whether a practice violates CUTPA [it has] adopted the criteria set out in the `cigarette rule'[4] by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Moreover, this court has set forth a three part test for satisfying the substantial injury criterion: [1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided." (Citation CT Page 5503 omitted; internal quotation marks omitted.) Hartford Electric Supply Co.v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
In count six, the plaintiffs allege that the acts and omissions previously alleged constitute unfair or deceptive trade practices within the meaning of General Statutes § 42-110b (a) and that the plaintiff suffered an ascertainable loss. In paragraph two of the prayer for relief, the plaintiffs request punitive damages pursuant to General Statutes § 42-110g (a) and in paragraph four of the prayer for relief, the plaintiffs seek attorneys fees pursuant to General Statutes § 42-110g (d).[5]
The court finds that the plaintiffs' breach of contract allegations in count one fail to support a claim that the defendant violated CUTPA. "A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." (Citations omitted; internal quotation marks omitted.) Emlee EquipmentLeasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580,595 A.2d 951 (1991), rev'd on other grounds, 31 Conn. App. 455,626 A.2d 307 (1993). "[W]here a count simply incorporates by reference the breach of contract claim and does not set forth how or in what' respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy," the plaintiffs fail to allege "substantial aggravating circumstances attending the alleged breach that constitute a CUTPA violation. . . ." Hendricks Associates v.Old Lyme Marina, Superior Court, judicial district of New London at New London, Docket No. 546496 (November 22, 2000, Martin, J.).
For the foregoing reasons, the defendant's motion to strike counts three, four, five and six of the plaintiffs' amended substitute complaint and paragraphs two, three and four of the prayer for relief are granted.
Clarance J. Jones, Judge